43 A.3d 1146

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. THOMAS
J. SHANNON, PLAINTIFF–RESPONDENT (TWO CASES).

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. ANTONIO
C. DESHAZO, DEFENDANT–RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
AARON CROOMS, DEFENDANT–RESPONDENT.

February 2, 2012.

Stare decisis is a principle to which we adhere for the sake of certainty and stability. *Luchejko v. City of Hoboken,* 207 *N.J.* 191, 208, 23 *A.*3d 912 (2011); *Watson v. United States Rubber Co.,* 24 *N.J.* 598, 603, 133 *A.*2d 328 (1957); *Lokar v. Church of the Sacred Heart,* 24 *N.J.* 549, 568, 133 *A.*2d 12 (1957) (Jacobs, J., dissenting) (citing *Bing v. Thunig (St. John's Episcopal Hospital),* 2 *N.Y.*2d 656, 163 *N.Y.S.*2d 3, 143 *N.E.*2d 3 (1957)). It is nevertheless a "flexible channel marker for guidance" which should not be permitted to foreclose reanalysis where it is warranted. *Caporossi v. Atlantic City,* 220 *F.Supp.* 508, 521 (D.N.J.1963); *see also State v. Int'l Fed'n of Prof'l & Tech. Eng'rs, Local 195,* 169 *N.J.*

505, 534, 780 *A.2d* 525 (2001). Indeed, the nature of the judicial process requires the power to revise, to limit, and to overrule if justice is to be done. *In re Thompson,* 53 *N.J.* 276, 299, 250 *A.2d* 393 (1969). Among the relevant considerations in determining whether to depart from precedent are whether the prior decision is unsound in principle, unworkable in practice, or implicates reliance interests. *Allied–Signal, Inc. v. Dir., Div. of Taxation,* 504 *U.S.* 768, 783, 112 *S.Ct.* 2251, 2261, 119 *L.Ed.2d* 533, 549 (1992).

■ In these companion cases, the State asks the Court to revisit its recent decision in *State v. Pena–Flores,* 198 *N.J.* 6, 965 *A.2d* 114 (2009), which addressed the proper standard for warrant-less searches of motor vehicles. The State contends that the decision's impact on police practices and New Jersey motorists provides special justification to overturn *Pena–Flores.* As support, the State relies in part on certain data taken only from New Jersey State Police motor vehicle stops. That data represents a fraction of statewide encounters with motorists and covers the limited period of time since *Pena–Flores* went into effect.

We do not find sufficient support in the current record to establish the "special justification" needed to depart from precedent. *State v. Brown,* 190 *N.J.* 144, 157, 919 *A.2d* 107 (2007) (*quoting Dickerson v. United States,* 530 *U.S.* 428, 443, 120 *S.Ct.* 2326, 2336, 147 *L.Ed.2d* 405, 419 (2000)). We rely on the Attorney General, the Public Defender, the American Civil Liberties Union, appearing in this matter as amicus curiae, and other interested non-parties to amass and develop a more thorough, statistical record over time relating to motor vehicle stops by the State Police and local authorities.

To the extent that it is impractical to collect data from local law enforcement throughout the entire State, data from representative urban, suburban, and rural areas may suffice. That information should include, where possible, (a) the total number of motor vehicle stops, (b) the number of warrantless probable cause searches conducted, consent searches requested, consent searches

conducted, and vehicles impounded—both before and after *Pena–Flores*—and (c) other relevant information.

Should a motor vehicle search that implicates *Pena–Flores* be challenged at some future time, we invite the parties to present an appropriate record for review.

These matters having been duly considered and the Court having determined that certification was improvidently granted,

It is ORDERED that the within appeals are dismissed.